**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 20-00093

VERSUS                                                              JUDGE S. MAURICE HICKS, JR.

WILLIAM CLAUDE MALONE                      MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 158) filed by Defendant, William Claude Malone ("Malone"). Malone subsequently filed amendments and supplemental memoranda in support of his Motion. See Record Documents 178, 184, and 187. The United States filed responses in opposition. See Record Documents 161, 179, and 188. Malone also filed replies. See Record Documents 167, 180, and 189. For the reasons set forth below, Malone's Motion is **DENIED**.

**FACTUAL BACKGROUND**

A federal grand jury returned a superseding indictment charging Malone with five counts of Production of Child Pornography, one count of Use of a Facility to Cause a Minor to Engage in Criminal Sexual Activity, one count of Receipt of Child Pornography, and one count of Possession of Child Pornography. See Record Document 35.

Following a jury trial, Malone was found guilty on Counts 1–6 & Count 8, as Count 7 was dismissed prior to trial. See Record Documents 84, 116, & 117. On March 8, 2022, the Court sentenced Malone to 30 years of imprisonment on each of counts one through five, to run consecutively, for a total sentence of 150 years of imprisonment. See Record Document 127. The Court also imposed concurrent terms on the remaining counts and a

lifetime term of supervised release. See id. The Fifth Circuit affirmed Malone's conviction and sentence. See Record Document 148.

The evidence at trial established that Malone sexually abused his preteen stepdaughter over a period of years and solicited sexually explicit images and videos from her while working offshore in Louisiana. See Record Document 161 at 3–5. The Government introduced testimony from the victim, electronic communications between Malone and the victim, and forensic evidence recovered from Malone's electronic devices. See id. Malone also admitted to law enforcement that he had received sexually explicit images and videos from the victim. See id. at 4.

On September 20, 2023, Malone filed the instant Motion under 28 U.S.C. § 2255. See Record Document 158. In his Motion and subsequent amendments, Malone raises claims of ineffective assistance of counsel, insufficiency of the evidence, challenges to whether certain images constituted sexually explicit conduct, and challenges to the indictment as allegedly duplicitous. See Record Documents 158, 178, 184, and 187.

## LAW AND ANALYSIS

### I.    Applicable Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct

appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted).

In a § 2255 motion, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

## II.      Analysis

To the extent Malone raises claims that were not asserted on direct appeal, such claims are procedurally barred absent a showing of cause and prejudice or actual innocence. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). Although Malone repeatedly references ineffective assistance of counsel in an effort to overcome the procedural bar, he has failed to satisfy the requirements established in Strickland v. Washington, 466 U.S. 668 (1984) to state a claim for ineffective assistance of counsel.

Under Strickland, the Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court must] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

Here, Malone has failed to establish either prong. Many of Malone's allegations concern counsel's failure to raise arguments that are plainly meritless, including arguments concerning whether the indictment was duplicitous and whether certain exhibits constituted sexually explicit conduct. Counsel is not ineffective for failing to raise frivolous or meritless claims. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

The record reflects overwhelming evidence supporting Malone's convictions. The victim testified regarding Malone's abuse and requests for sexually explicit depictions. See Record Document 142 at 72–100. Electronic communications corroborated the victim's testimony, and law enforcement recovered incriminating evidence from Malone's devices. Malone himself admitted to receiving sexually explicit images and videos from the victim. See id. at 219. The jury was properly instructed regarding the definitions of child pornography and sexually explicit conduct and unanimously found Malone guilty beyond a reasonable doubt. See Record Documents 116 & 117. Malone's disagreement with the jury's conclusions does not establish constitutional error.

Malone's amendments concerning alleged duplicity in the indictment are also without merit. In those filings, Malone argues that counts one through five improperly referenced both completed conduct and attempt language. See Record Documents 184 and 187. As the Government correctly notes, those claims were raised outside the applicable limitations period and do not relate back to the original § 2255 motion. See Record Document 188 at 1–3. Malone's conviction became final after expiration of the period for seeking certiorari review following affirmance by the Fifth Circuit, and these new claims were filed well beyond the one-year limitations period.

Even if timely, the claims fail on the merits. "A duplicitous indictment is one that alleges two or more distinct and separate offenses in a single count." <u>United States v. Caldwell</u>, 302 F.3d 399, 407 (5th Cir.2002) (internal quotations omitted). An indictment is not duplicitous merely because it alleges alternative means of committing a single offense. Section 2251(a) sets forth multiple ways by which the statute may be violated, including employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct, as well as attempting to do so. The indictment's use of statutory language describing alternative means of violating the same offense did not charge multiple separate crimes in a single count. Rather, it alleged alternative methods of committing a violation of § 2251(a). Accordingly, Malone has failed to demonstrate any constitutional defect in the indictment.

To the extent Malone seeks to relitigate the sufficiency of the evidence or credibility determinations made by the jury, such arguments either were raised or could have been raised on direct appeal and are not properly considered in a § 2255 proceeding. Moreover, Malone has failed to demonstrate cause, prejudice, or actual innocence. Accordingly, Malone has failed to establish that he is entitled to relief under 28 U.S.C. § 2255.

### CONCLUSION

Based on the reasons explained above, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 158) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of May, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

5